IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NATIONWIDE AFFINITY INSURANCE PLAINTIFF
COMPANY OF AMERICA

v. Civil Action No. 1:20-cv-00142-GHD-DAS

STEPHANIE SANDERSON; and
JOE SHARP DEFENDANTS

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the Plaintiff's motion for default judgment against the Defendants [20]. Upon due consideration, the Court finds that the motion should be granted and that this matter shall proceed to a hearing to determine the appropriate scope of relief.

On July 6, 2020, the Plaintiff filed a complaint against the Defendants, seeking a declaratory judgment regarding vehicular insurance coverage and "any further relief the Court may deem necessary." [1] The Defendant Stephanie Sanderson was served with process on August 18, 2020, but has failed to plead or otherwise defend this action [4]; the Defendant Joe Sharp was served with process on November 9, 2020, and has likewise failed to plead or otherwise defend this action [16]. Accordingly, upon motion by the Plaintiff, the Clerk of Court made an Entry of Default on September 17, 2020 [6] against Sanderson, and on December 16, 2020 [19] against Sharp. The Plaintiff has now filed the present motion seeking to have the Court enter a default judgment in its favor as to both Defendants [20], to which the Defendants have failed to respond.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana*, No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex.

June 10, 2011) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)).

Because the Defendants have failed to timely answer or otherwise plead in the instant litigation, the well-pleaded allegations in the Complaint are taken as admitted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alply Architectural Bldg. Sys., LLC*, No. 4:11–CV–79–CWR–LRA, 2012 WL 73235, at *4 (S.D. Miss. Jan. 10, 2012) (citation omitted).

A separate hearing must be held to determine the scope of relief to which the Plaintiff is entitled. Fed. R. Civ. P. 55(b). At the hearing, the Plaintiff will be permitted to present evidence regarding the appropriate scope of relief. *See* Fed. R. Civ. P. 55(b)(2).

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment [20] is GRANTED. The Court will DEFER entering final judgment until the Court receives and considers the Plaintiff's evidence regarding the appropriate scope of relief at an evidentiary hearing. The Court will issue a Notice setting a hearing date in the near future.

SO ORDERED, this, 11th day of January, 2021.

_____
SENIOR U.S. DISTRICT JUDGE

2